**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

|  |  |
|---|---|
| Alain De Los Santos Ocana, | No. CV-26-00175-TUC-SHR (LCK) |
| Petitioner, | **ORDER** |
| v. | |
| John E Cantu, et al., | |
| Respondents. | |

Petitioner filed a Petition for Writ of Habeas Corpus under § 2241 and an Emergency Motion for Temporary Restraining Order enjoining his arrest absent a pre-deprivation hearing. (Doc. 1.) The Court directed Respondents to file an urgent response and set a hearing for Petitioner's Motion for April 8, 2026, at 4:30 p.m. (Docs. 4, 6.) Respondents filed the required Response. (Doc. 7.) The Court then held a hearing on the Emergency Motion, with both parties appearing telephonically. Based on the pleadings and the parties' arguments, the Court will dismiss the Petition and request for injunctive relief.

Petitioner alleges he entered the United States without inspection, was placed in removal proceedings in October 2017, and was thereafter released on bond on November 27, 2017. (Doc. 1; Doc. 7.) Following entry of a final order of removal, Petitioner filed an unsuccessful appeal to the BIA and a petition for review with the Ninth Circuit. (Doc. 7, Ex. A ¶¶ 11–15.) On February 14, 2026, Petitioner received a "Notice to Obligor to

Deliver Alien" requiring Petitioner to appear for removal on April 9, 2026.  (*Id.* ¶ 16.) Petitioner challenges the execution of his removal order while he remains released on bond.

Review in federal district court is not available for claims "arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders," 8 U.S.C. § 1252(g), "arising from any action taken or proceeding brought to remove an alien," 8 U.S.C. § 1252(b)(9),[1] or "challeng[ing] a 'discretionary judgment' by the Attorney General or a 'decision' that the Attorney General has made regarding [an alien's] detention or release," *Demore v. Kim*, 538 U.S. 510, 516 (2003) (discussing 8 U.S.C. § 1226(e)); *see also* 8 U.S.C. § 1252(a)(2)(B)(ii) (precluding review of other discretionary decisions and actions specified by statute).  Section 1252(g) "bars judicial review of his claims challenging the government's execution of his removal order." *Rauda v. Jennings*, 55 F.4th 773, 776–77 (9th Cir. 2022).

Here, Petitioner fails to state a claim for relief.  Although Petitioner attempts to frame his challenge as limited to the legality of his detention, he also seeks additional forms of relief such as an order enjoining his removal.  Thus, Petitioner is squarely attacking the execution of his undisputedly final removal order.  Even acknowledging the jurisdictional bars created by the aforementioned statutes may be subject to certain exceptions and limitations, *see generally Ibarra-Perez v. United States*, 154 F.4th 989 (9th Cir. 2025), the Court finds it lacks jurisdiction over the relief Petitioner seeks.

Petitioner also argues "[n]o material change in circumstances has occurred since Petitioner's release on IJ bond—no new criminal conduct, no flight risk finding, no national security concern, nothing.  Respondents have communicated no changed circumstances whatsoever to Petitioner or his counsel." (Doc. 1 ¶ 27.)  But that argument is belied by the entry of his final order of removal and the exhaustion of his appeals.  Therefore, on this record, the Court finds Petitioner's claim must be dismissed under § 1252(g) and his request for injunctive relief denied.

---

[1] *See also* 8 U.S.C. § 1252(a)(5) (stating the court of appeals "shall be the sole and exclusive means for judicial review of an order of removal").

**IT IS ORDERED** Petitioner's Petition for Writ of Habeas Corpus (Doc. 1) is **DISMISSED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** Petitioner's Motion for Temporary Restraining Order (Doc. 1) is **DENIED**.

**IT IS FURTHER ORDERED** the Clerk of Court shall enter judgment and close this case.

Dated this 8th day of April, 2026.

Honorable Scott H. Rash
United States District Judge